UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GERALDINE ODDO STERNS | CIVIL ACTION |
| VERSUS | NO. 09-6449 |
| SCOTTSDALE INSURANCE COMPANY, | SECTION "N" (3) |

**ORDER AND REASONS**

Before the Court is the **Motion to Remand and For Costs, Expenses and Attorneys' Fees (Rec. Doc. 13)**. This motion is opposed. (See Rec. Doc. 16). After considering the Petition, the Notice of Removal, the memoranda of the parties, and the applicable law, this Court finds that this motion should be denied.

**I.    Factual Background**

Plaintiff Geraldine Oddo Sterns ("Sterns") filed this lawsuit against Scottsdale Insurance Company ("Scottsdale") in the Civil District Court for the Parish of Orleans. In this suit, Sterns sought to recover a sum for unpaid property damage sustained as a result of Hurricane Katrina. Sterns' insurance policy with Scottsdale provided for coverage up to $84,000.00 for the dwelling and $10,000.00 for contents. Sterns claims Scottsdale paid only $14,500.00 on her claim.

In addition, Sterns claimed Scottsdale failed in its duty to act in good faith and fair dealing and was therefore liable to Sterns for statutory penalties as a result of Scottsdale's failure to pay the amounts of the claim within the time period allotted under Louisiana law.

On September 21, 2009, Scottsdale removed on grounds of diversity jurisdiction under 22 U.S.C. 1332, alleging specifically that the amount in controversy exceeded $75,000.00. Although Sterns' Petition for damages alleged that her claim would not exceed the jurisdictional limit, Scottsdale based its motion for removal on the possibility that Sterns could recover for damages up to the limits of her policy. Scottsdale also based removal on Sterns' claim for penalties under La. R.S. 22:658 and 22:1220, under which Sterns could recover an amount not exceeding two times the damage sustained or $5,000, whichever is greater.

On December 14, 2009, Sterns proposed a settlement agreement to Scottsdale in the amount of $65,000.00. On February 26, 2010, Sterns provided Scottsdale with an estimate of damages from an independent adjuster, David Farve ("Farve"). This report, dated February 23, 2010, estimated Stern's net claim to be $79,039.09.

On March 10, 2010, one day prior to her filing of the instant motion, Sterns submitted a second estimate of damages from Farve stating her claim to be $64,342.83[1], along with an affidavit stipulating that the amount of her claim does not exceed $75,000 and that she will not accept any amount in excess of $75,000. Sterns now moves for this Court to remand this action to state court for lack of subject matter jurisdiction. Here, the parties do not dispute diversity of citizenship. However, an issue exists as to the requisite amount in controversy.

---

[1] Sterns claims that the initial estimate was revised as it improperly included approximately $14,500 in damages for which Scottsdale had already tendered payment.(See Rec. Doc. 32).

## II.     The Arguments of the Parties

Sterns did not plead a specific amount of damages in her state court Petition. In fact, she stated only that her claim did not exceed $75,000. (See Rec. Doc. 1-1, ¶14). In the instant motion, she re-urges this assertion, arguing that diversity jurisdiction is lacking because the requisite amount in controversy is not satisfied.

In its Petition for Removal (Rec. Doc. 1), Scottsdale claims that Sterns' assertions that her residence was rendered "uninhabitable as the entire structure was severely damaged by hurricane force winds" combined with loss of use, contents and debris removal and damage to other structures, plus bad faith penalties, obviously raise the amount in controversy over $75,000. In Scottsdale's opposition to Stern's motion to remand, it further notes that Sterns failed to respond timely to the draft stipulation regarding amount in controversy that defense counsel sent her. (Exhibit 1 to Rec. Doc. 16).[2] However, on March 10, 2010, only one day prior to the filing of the instant motion, Sterns executed an Affidavit, asserting that her claim does not exceed $75,000 and stating that she will not accept an amount that exceeds $75,000. (Exhibit B to Rec. Doc. 13). Further, on that same day, Plaintiff's counsel also forwarded a letter to Scottsdale's counsel enclosing an amended report from the adjuster lowering the damage claimed under the Policy from $79,039.09 (See February 26, 2010 letter, Exhibit 2 to Rec. Doc. 16) to $64,362.63.[3] (Exhibit 4 to Rec. Doc. 16).

---

[2]     Sterns did eventually sign the Stipulation,; however, it was not received by Scottsdale until September 30, 2009, nine days *after* this case was removed. (See Rec. Doc. 32, p. 5). Notably, this jurisdictional exercise could have been avoided had Sterns timely executed the Stipulation and returned it prior to Scottsdale's removal.

[3]     See note 1, *supra*.

**III.    Law and Analysis**

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party (here, Scottsdale) bears the burden of showing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Under Fifth Circuit law, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a specific damages figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The converse holds true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In this instance, however, Plaintiff filed her action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. *See* La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing

4

defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id*.

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).

> Regarding this requirement, the Fifth Circuit has explained:
>
> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. *See* La. Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006) (Vance, J.);

*Crosby v. Lassen Canyon Nursery, Inc.*, Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003) (Vance, J.).[4]

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F .3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.,* No. 06-7624, 2007 WL 97062, *2 (E.D. La. 2007) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc., et al.*, No. 04-1632, 2005 WL 1038072, *4, n.10 (E.D. La. 2005) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Here, in the unverified state court Petition, Sterns states that her "*claim* does not exceed $75,000.00." (Rec. Doc. 1-1, ¶ 14, emphasis added). Not only is this statement unclear as to whether it includes only the amount claimed under the Policy or the entire amount in dispute sought from

---

[4] In *Engstrom v. L-3 Communications Government Services, Inc.*, Civil Action No. 04-2971, 2004 WL 2984329, * 4 (E.D. La. 2004), this Court granted the plaintiffs' motion to remand where the petition contained a paragraph in which each plaintiff "affirmatively and knowingly waive[d] entitlement to any damages . . . , including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $74, 999." The Court found that the waiver language constituted a binding stipulation or "judicial confession" under Louisiana law, and, as a matter of law, prevented the plaintiffs from recovering more than the jurisdictional amount. *Id.*

Scottsdale, including penalties, etc., it does not equate to a binding stipulation regarding damages, or a statement of the sort allowed by Article 893 of the Louisiana Code of Civil Procedure.

The amount of Plaintiff's claims are not facially apparent from her Petition. Despite ¶ 14 of the Petition, she indicates that her residence was rendered uninhabitable and that the entire structure was severely damaged by hurricane force winds. She also advances claims for loss of use, contents and debris removal, damages to other structures, and she seeks statutory penalties (Rec. Doc. 1-1). Considering the evidence and argument presented in connection with the instant motion to remand, the Court finds, for the reasons expressed herein, that Scottsdale has borne its burden with respect to demonstrating the amount in controversy as of the time of removal.

Contending that the jurisdictional amount established by § 1332 is not satisfied, Sterns points to the second estimate of damages (March 10, 2010) from Farve stating her claim to be $64,342.83[5] (Exhibit 4 to Rec. Doc. 16) and also *now* submits an Affidavit with her Motion to remand, wherein she affirmatively attests that her claim is worth less than $75,000 and that she will not accept any amount in excess of $75,000. (See Exhibit B to Rec. Doc. 13). The Court assumes, in Plaintiff's favor, that this amount truly reflects the total actual amount of proceeds payable under Defendant's policy, and is otherwise appropriate for the Court's consideration. Significantly, however, Sterns also seeks recovery of penalties under La. R.S. 22:1220 and La. R.S. 22:658 in her Petition.[6] If recoverable, such sums are to be considered by the Court in determining the amount

---

[5] Sterns claims that the initial estimate was revised as it improperly included approximately $14,500 in damages for which Scottsdale had already tendered payment. (See Rec. Doc. 32).

[6] *See* Rec. Doc. 1-1, ¶¶ 9, 12. Under circumstances such that La. R.S. 22:1220 provides a greater penalty than La. R.S. 22:658 for the same conduct, the plaintiff cannot recover a penalty under both

7

of controversy. *See, e.g., Manguno,* 276 F.3d at 723-24; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Ardoin v. Allstate Ins. Co.*, Civil Action No. 06-7624, 2007 WL 97062, *2 (E. D. La. 2007) (Vance, J.); *Bagneris v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 95-1680, 1995 WL 683876, *1 (E.D. La.) (Carr, J.).

Calculated on the sum of $64,342.83, Plaintiff's claims for penalties under La. R.S. 22:658 alone pushes the amount in controversy over $75,000. Further, the Court is not persuaded by Sterns' present efforts to disassociate herself with her claims for penalties under La. R.S. 22:658 and La. R.S. 22:1220, by filing a post-removal stipulation. Plaintiff's Petition generally asserts facts that she apparently believed justify an award under these statutes, and expressly prays for relief under these statutes.[7] For purposes of the inquiry presented by Plaintiff's motion to remand, the Court's removal jurisdiction is determined based on Plaintiff's claims as they exist at the time of removal, not thereafter. *See Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.* 44 F.3d 256, 264 (5th Cir. 1995). Accordingly, the Court finds that Sterns has not established with legal certainty that her claims are for less than $75,000.

Because this Court finds removal was proper, the Court finds no need to address the issue concerning awarding Sterns costs, expenses, and attorneys' fees in conjunction with removal.

---

statutes. Rather, the penalty provision of La. R.S. 22:1220 supersedes that found in La. R.S. 22:658. *See, e.g., Calogero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000); *see also Carpenter v. State Farm Ins. Co.*, Civil Action No. 06-8456, 2007 WL 4124549, *1 (E. D. La.) (Fallon, J.)

[7] *See* La. Code Civ. Proc. art 863(B) (". . . the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.")

**IV.	Conclusion**

Considering the foregoing, **IT IS ORDERED** that the **Motion to Remand and For Costs, Expenses and Attorneys' Fees (Rec. Doc. 13)** should be and is hereby **DENIED**.

New Orleans, Louisiana, this <u>8th</u> day of July, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**